No. PD-1233-14

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## DONNA GAYLE HOLCOMB

FILED IN
COURT OF CRIMINAL APPEALS

JAN 13 2015

Abel Acosta, Clerk

*Petitioner,*

V.

**THE STATE OF TEXAS**

*Respondent.*

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

---

**PETITIONER'S MOTION TO EXTEND TIME TO FILE PETITION FOR DISCRETIONARY REVIEW AND REQUEST FOR THE COURT TO ORDER JEROME GODINICH TO RETURN PETITIONER'S FILE**

---

On Appeal from the First Court of Appeals in
Cause No. 01-08-00337-CR and from the 230th District Court
of Harris County, Texas in Cause No. 1141352

---

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW, DONNA HOLCOMB, Petitioner in the above-entitled appeal and files this, her Motion for Extension of Time to File Petition for Discretionary Review ("PDR") and Request for the Court to Order Jerome Godinich to Return Petitioner's File and in support thereof would show the Court the following:

1

## I.    INCORPORATIONS

1.    Petitioner incorporates by reference *Petitioner's Motion to Strike Jerome Godinich's Motion for Extension of Time, Motion to Proceed on Appeal Pro Se, and Motion for the Court to Take Judicial Notice that Petitioner's Petition for Discretionary Review was Not Due on September 27, 2014 and is Not Due Until 30 Days After the First Court of Appeals Rules on Petitioner's Last Timely Filed Motion Or, In The Alternative, Motion to Proceed Pro Se on Appeal in the Court of Criminal Appeals and Motion for Extension of Time to File Petition for Discretionary Review* filed with this Court under the mailbox rule on or about October 29, 2014.

## II.    SUMMARY

2.    Petitioner was convicted of second degree theft on or about April 14, 2008 in Cause No. 1141352 styled *State of Texas v. Donna Gayle Holcomb* in the 230th District Court of Harris County, Texas.  Petitioner was sentenced to 11 years in the Texas Department of Criminal Justice ("TDCJ").  Petitioner appealed the jury verdict on both guilt and punishment.

3.    On February 16, 2012, the First Court of Appeals ("First Court") affirmed the jury verdict as to guilt but overturned and remanded the case to the trial court for a new punishment trial.  The First Court abated the appeal on or about March 22, 2012.

4. On May 2, 2012, Jerome Godinich ("Godinich") was appointed as Petitioner's attorney on appeal in the First Court and for the re-trial of the punishment phase. Godinich spoke with Petitioner once on the phone, saying he would call her back later to make an appointment with Petitioner, and <u>never called her back for two years</u>.

5. On April 8, 2014, the First Court reinstated the appeal.

6. On April 30, 2014, at Petitioner's only meeting with Godinich in two years, Godinich tried to get Petitioner to let the appeal and the retrial of the punishment phase go arguing that the First Court of Appeals had lost jurisdiction and the retrial of the punishment phase was unnecessary and should never be had.

7. On May 8, 2014, due to Godinich lack of response to Petitioner's requests, Petitioner was forced to file a pro se Motion for Extension of Time which was granted by the First Court. Further, Petitioner also included a notice that she was terminating Godinich as her attorney. At that point, the First Court of Appeals had recognized Petitioner's pro se status, however, the First Court allowed Godinich to continue effectively allowing Petitioner to have hybrid representation, something Petitioner did not want.

8. On August 28, 2014, the First Court withdrew their original opinion and judgment and reissued a new opinion and judgment which restarted the appellate deadlines for moving for rehearing.

3

9. On September 12, 2014, Petitioner filed a *Motion for Extension of Time to File Motion for Rehearing and/or Motion for En Banc Reconsideration and Motion To Proceed on Appeal Pro Se* with the First Court under the mailbox rule. Unbeknownst to Petitioner at the time, Godinich, without authority from Petitioner, filed a motion to extend time to file a PDR with this Court on September 12, 2014, when a PDR was not even due until September 27, 2014.

10. On October 30, 2014, the First Court denied Petitioner's motion to proceed pro se because Godinich had filed a PDR with this Court and the First Court would not allow Petitioner to proceed pro se in the First Court while she was represented by counsel in this Court.

11. On or about November 7, 2014, this Court terminated Godinich and allowed Petitioner to proceed pro se on appeal.

12. On or about November 13, 2014 and after Petitioner received notification of that determination, Petitioner again filed, under the mailbox rule, and urged a motion for extension of time to file a motion for rehearing with the First Court.

13. On December 4, 2014, although Petitioner did not receive notification until later, the First Court denied Petitioner's motion for extension of time to file a motion for rehearing for lack of jurisdiction.

4

14. It is undisputed that Petitioner has argued that Godinich refused to communicate with her and has not done so since April of 2014 in spite of several emails and some faxes requesting that he respond to her and move to withdraw. Petitioner believes that her motion for extension of time to the First Court were timely and the First Court had jurisdiction.

15. Godinich filed a motion and a PDR with this Court without authority, deliberately leaving out constitutional issues discussed with him at Petitioner's one and only meeting in April of 2014.

### III. PETITIONER DOES NOT HAVE HER FILE

16. Petitioner must have her legal file and correspondence file from Godinich to draft a proper PDR. Petitioner has turned Godinich into the State Bar of Texas once before, without success, and has been hesitant to do it again, but Godinich knows that he is no longer Petitioner's attorney and she must have her file.

17. Petitioner will file a complaint against Godinich with the State Bar of Texas by no later than Tuesday, January 13, 2015, if Godinich does not respond to an email, fax and overnight certified letter all of which Petitioner will send to Godinich no later Wednesday, January 8, 2015. This will be a last ditch effort by Petitioner to terminate any ties she has to Godinich and get her file.

# IV. MOTIONS

18. The PDR is due on January 6, 2015.

19. Petitioner has been granted one extension for 60 days, however, Petitioner's motion for extension of time in the First Court was not denied until December 4, 2014.[1] The only reason that the First Court gave on October 30, 2014, that it could not rule on Petitioner's motion for extension of time to file a motion for rehearing was because Petitioner was represented by Godinich in this Court. This Court allowed Petitioner to proceed pro se in early November, but by then, the First Court alleges it lost jurisdiction.

20. Petitioner respectfully requests that the Court extend the time for filing the PDR for 45 days, allowing two weeks for Petitioner to obtain her file and 30 days for Petitioner to draft the PDR. This PDR will be the first PDR Petitioner has ever drafted and a motion is much less time consuming and much less difficult to draft and Petitioner is fearful that she will need all the documents in her file in order to draft her PDR.

21. Petitioner moves the Court to order Godinich to return her file (legal and correspondence).

---

[1] Petitioner did not receive notification of this denial until the week of December the 8th, and Petitioner's husband fell and broke his leg on December 8, 2014. He has had a subsequent surgery and his recuperation has been a factor in Petitioner's time.

## IV. ARGUMENTS AND AUTHORITIES

22.     This Court has the authority to grant Petitioner's relief in the interest of justice. Petitioner's request for an extension of time to file a PDR is governed by Tex. R. App. P. 10.5(b).

23.     Petitioner is grateful for this Court allowing her to proceed pro se on appeal. Petitioner needs her file from Godinich.

24.     Pursuant to Tex. R. App. P. 48.4, Godinich was required to forward a copy of the opinion and judgment on August 28, 2014 by the First Court in Petitioner's case to her via certified mail. Godinich has not sent a copy by any method, nor has he informed Petitioner of anything that has occurred in her case, and he has not returned Petitioner's file.

## V. PRAYER

Wherefore Premises Considered, Petitioner requests that the Court grant Petitioner's Motion for Extension of Time to File Petition for Discretionary Review ("PDR") and Request for the Court to Order Jerome Godinich to Return Petitioner's File and to grant Petitioner all other relief to which she may show herself justly entitled.

Respectfully submitted,

By: _____
DONNA HOLCOMB    (PRO SE)
4906 Scott Reef Dr.
Bacliff, Texas  77518

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served January 6, 2015 to the following:

DONNA HOLCOMB    (PRO SE)

Harris County District Attorney          *Via U.S. Mail*
1201 Franklin
Houston, Texas  77002

8